UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROBIN G., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | No. 2:20-cv-00362-JAW |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant ) | |

### REPORT AND RECOMMENDED DECISION[2]

This Social Security Disability (SSD) appeal raises the question of whether the administrative law judge (ALJ) supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the basis that the ALJ failed to resolve conflicts between the testimony of the vocational expert (VE) and the *Dictionary of Occupational Titles* (U.S. Dep't of Labor 4th ed., rev. 1991) (*DOT*), as required by Social Security Ruling 00-4p (SSR 00-4p). *See* Plaintiff's Itemized Statement of Errors ("Statement of Errors") (ECF No. 13) at 2-13.[3] I find no reversible error, and, accordingly, recommend that the court affirm the commissioner's decision.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted as the defendant in this matter.
[2] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.
[3] The plaintiff seemingly also raises a separate point that the VE's testimony that he reduced his job numbers by 50 percent to account for a standing/walking limitation is insufficiently supported to constitute substantial evidence. *See* Statement of Errors at 3-4, 6-9. However, at oral argument, in response to the commissioner's assertion that, pursuant to *Mills v. Apfel*, 244 F.3d 1 (1st Cir. 2001), the plaintiff waived that point by failing to raise it before the ALJ, *see* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 17) at 4-5; *Mills*, 244 F.3d at 8 ("The impact of a no-waiver approach . . . at the ALJ level . . . could cause havoc, severely undermining the

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Sec'y of Health & Hum. Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2020, Finding 1, Record at 49; that he had the severe impairments of postural orthostatic tachycardia syndrome, degenerative disc disease, and adjustment disorder with mixed anxiety and depression, Finding 3, *id.*; that he had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except that, in an eight-hour workday, he could stand and/or walk for about four hours, frequently climb ramps and stairs, never climb ladders, ropes, or scaffolds, occasionally balance and stoop, frequently kneel, crouch, and crawl, never work at unprotected heights or on slippery or wet work surfaces, perform simple tasks for two-hour blocks of time over the course of a normal work schedule, and adapt to simple changes in the work routine, Finding 5, *id.* at 52-53; that, considering his age (45 years old, defined as a younger individual, on his alleged onset date of disability, December 26, 2015), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id.* at 60-61; and that he, therefore, had not been disabled from December 26, 2015, his alleged onset date of disability, through the date of the decision, November 29, 2019, Finding 11, *id.* at 63. The Appeals Council declined to review the decision, *id.* at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Sec'y of Health & Hum. Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

---

administrative process."), the plaintiff's counsel clarified that this case hinges on the asserted violations of SSR 00-4p, distinguishing it from *Mills* and aligning it with *Burton v. Astrue*, No. 2:11-cv-174-GZS, 2012 WL 1184425 (D. Me. Apr. 6, 2012) (rec. dec., *aff'd* Apr. 24, 2012), in which this court noted that SSR 00-4p imposes affirmative duties on ALJs; *Burton*, 2012 WL 1184425, at *4-5 (claimant's counsel's failure to identify purported conflict at hearing did not effect a waiver when ALJ "did not even make the required threshold inquiry [pursuant to SSR 00-4p] as to whether the [VE]'s testimony was consistent with the DOT").

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Sec'y of Health & Hum. Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Hum. Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than any past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Hum. Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Background

At hearing, the ALJ asked the VE to assume a hypothetical individual who, as relevant here, was limited to a light exertional level of work except that, "in an eight-hour workday[,]" the individual could "stand and/or walk for about four hours" and "occasionally balance[.]" Record at 109. The VE identified three light jobs that such an individual could perform, explaining that "the national numbers I will be providing will be the reduced national numbers by one-half due to the limitations with standing and walking[.]" *Id*. at 110.

The ALJ then inquired whether the VE's testimony was consistent with the *DOT*. *See id*. The VE responded, in relevant part, "Yes[,] [e]xcept the DOT does not distinguish specifically standing and walking for four hours during the workday," explaining, "[t]hat's based on my

professional knowledge and experience." *Id*. The ALJ asked, "light work usually has you stand six hours, but you still think that a person who could only stand four is capable of doing those jobs?" *Id*. at 111. The ALJ affirmed that he did. *See id*. The ALJ queried, "And that's based on your experience[,]" to which the ALJ responded, "[t]hat is correct." *Id*. The ALJ then asked whether there was any conflict between simple work and the *DOT*, which the VE testified there was not. *See id*. The following colloquy ensued:

> Q       Okay. . . . [H]ow do you estimate the numbers that you have recorded?
>
> A       . . . [W]e do utilize Job Browser Pro, in which we search specific DOT codes to identify national numbers, and within specific DOT codes, we must adjust the industries by adding and subtracting the industries where jobs are commonly found based on our vocational knowledge and experience, conducting labor market analysis. And within Job Browser Pro, and as we adjust the industries, it provides a more accurate representation of national numbers of the jobs that we would be searching.
>
> Q       Okay. And do you believe that the numbers that you suggested are a fair and accurate representation of the national number of jobs?
>
> A       Yes, Your Honor.

*Id*.

The plaintiff's counsel was afforded an opportunity to question the VE. *See id*. at 112-13. While he inquired which industries the VE had added to arrive at his job numbers, he asked no questions about the VE's testimony that an individual limited, *inter alia*, to standing/walking four hours in a workday and occasional balancing could perform the jobs in question, with a 50 percent reduction in job numbers to account for the standing/walking limitation. *See id*. at 113-19.

The plaintiff's counsel objected to the VE's testimony and moved to strike it on the bases that, in contravention of the Vocational Expert Handbook, the VE had failed to bring the material on which he relied to the hearing, hampering cross-examination, and the VE had impermissibly

added industries in calculating job numbers and failed to identify the industries added. *See id*. at 119. The ALJ overruled those objections. *See id*.

The plaintiff's counsel subsequently submitted a post-hearing brief and affidavits of both vocational rehabilitation counselor David W. Meuse and a second affidavit of plaintiff's counsel elaborating on those points. *See id*. at 303-13. No issue was raised in any of those submissions regarding any conflict between the testimony of the VE and the *DOT* or the VE's reduction of his job numbers by 50 percent to account for the plaintiff's four-hour limitation in standing and walking. *See id*.

In her decision, the ALJ addressed the objections made during the hearing, as buttressed by the post-hearing submissions, overruling them. *See id*. at 61-62. She then stated:

> Pursuant to SSR 00-4p, I have determined that the [VE]'s testimony is in part not consistent with the information contained in the [DOT]. I note that the [VE] testified that he based the limitations of standing or walking for 4 hours during the workday[,] or simple routine changes, on his professional knowledge and experience. I find that the [VE]'s supplemental opinions regarding these limitations are appropriately premised upon his professional experience, training, and familiarity with the work cited, and were sufficient to establish that I could rely upon his testimony, in accordance with the policy set forth in SSR 00-4p.

*Id*. at 62.

## B. Analysis

"SSR 00-4p imposes an *affirmative obligation* on administrative law judges to (i) inquire whether there is any conflict between vocational expert testimony and the DOT, (ii) elicit a reasonable explanation for any apparent conflict, and (iii) resolve said conflict, regardless of how it was identified." *Burton*, 2012 WL 1184425, at *4 (emphasis in original). "Neither the DOT nor the VE or VS [vocational specialist] evidence automatically 'trumps' when there is a conflict." SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000). "The adjudicator must resolve the conflict

5

by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information." *Id*.

The plaintiff seeks remand on the bases that the VE (i) "failed to offer any explanation for how his 'knowledge or experience' might have led to his conclusion that exactly half the jobs in these three occupations in the nation could still be performed by someone who could only stand and or walk four hours out of an eight hour work day" and (ii) "did not address the balancing issue at all." Statement of Errors at 3-4.

He posits that the VE necessarily transgressed agency policy in one of two respects, by either (i) tacitly reclassifying the three light jobs as sedentary "to claim that they were consistent with the hypothetical question limiting this person to only standing and/or walking four hours per day and occasional balancing"[4] or (ii) assuming that employers would be willing to make an accommodation to permit less than the full range of required standing or walking.[5] Statement of Errors at 5. Accordingly, he argues, the VE's testimony could not be relied on without first complying with SSR 00-4p "and obtaining an actual explanation from" the VE "as to how he was deviating from the DOT and how the typical standing requirements could be dealt with in these

---

[4] For this proposition the plaintiff cites a passage from SSR 00-4p providing: "Although there may be a reason for classifying the exertional demands of an occupation (as generally performed) differently than the DOT (e.g., based on other reliable occupational information), the regulatory definitions of exertional levels are controlling. For example, if all available evidence (including VE testimony) establishes that the exertional demands of an occupation meet the regulatory definition of 'medium' work (20 CFR 404.1567 and 416.967), the adjudicator may not rely on VE testimony that the occupation is 'light' work." SSR 00-4p, 2000 WL 1898704, at *3. *See* Statement of Errors at 5.

[5] For this proposition the plaintiff cites, *inter alia*, a passage from Social Security Ruling (SSR) 11-2p providing: "When we determine whether a person can do other work that exists in significant numbers in the national economy, we do not consider whether he or she could do so with accommodations, even if an employer would be required to provide reasonable accommodations under the Americans with Disabilities Act of 1990." SSR 11-2p, 2011 WL 4055665, at *9 (Sept. 12, 2011) (footnote omitted). *See* Statement of Errors at 6. Although SSR 11-2p addresses the documentation and evaluation of disability in young adults (ages 18 to 25), the commissioner uses "the same definition for disability as we do for other adults." SSR 11-2p at *1-2 (footnote omitted); *see also Cleveland v. Pol'y Mgmt. Sys. Corp.*, 526 U.S. 795, 803 (1999) ("[W]hen the SSA [Social Security Administration] determines whether an individual is disabled for SSDI [Social Security Disability Insurance] purposes, it does *not* take the possibility of 'reasonable accommodation' into account, nor need an applicant refer to the possibility of reasonable accommodation when she applies for SSDI.") (emphasis in original).

jobs without an accommodation[,]" *id*. at 6, as well as "his deviation from the DOT in asserting that a person limited to only occasional balancing" and "standing and/or walking not more than a third" of an eight-hour workday "could do these three jobs, all classified as light[,]" *id*. at 11.

As a threshold matter, the VE did not tacitly reclassify the jobs at issue as sedentary or assume that employers would make accommodations. On the contrary, he recognized that the jobs were classified as light but explained that, based on his professional knowledge and experience, approximately half of the total number of the three light jobs at issue could be performed by someone limited to standing/walking for no more than four hours in a workday. *See* Record at 110-11. He made no reference to any need for an accommodation in order to do so. *See id*.

Nor did the ALJ fail to comply with the requirements of SSR 00-4p. She made the requisite inquiry whether there was any conflict between the vocational testimony and the *DOT*, *see id.* at 110, identified a conflict between the typical demands of light jobs and the posited restriction against standing for more than four hours in an eight-hour workday, *see id*. at 111, and elicited a reasonable explanation for the conflict – that, based on the VE's professional knowledge and experience, individuals limited to standing/or walking for four hours in an eight-hour workday could perform the cited jobs, albeit with a reduction of 50 percent in the total number of those jobs – *see id*. at 110-11.[6]

At that point, there was no remaining *apparent* conflict between the standing/walking restriction and the *DOT*, a situation in which it is incumbent on a claimant's counsel to explore with the VE the issue of any remaining purported conflict. *See, e.g., Kristina D. B. v. Berryhill*,

---

[6] Indeed, in *O'Bannon v. Colvin*, Civil No. 1:13-cv-207-DBH, 2014 WL 1767128 (D. Me. Apr. 29, 2014), this court held that, for purposes of SSR 00-4p, there is no obvious conflict between a four-hour standing/walking limitation and light work. *See O'Bannon*, 2014 WL 1767128, at *8-9 & n.4. The VE's job numbers estimate, standing alone, also does not conflict with the *DOT*. *See, e.g., Purdy v. Berryhill*, 887 F.3d 7, 14-15 (1st Cir. 2018) ("The DOT just *defines* jobs . . .; it does not report how many such jobs are available in the economy.") (citation and internal punctuation omitted) (emphasis in original).

No. 1:18-cv-00088-JHR, 2019 WL 1407407, at *6 (D. Me. Mar. 28, 2019) (ALJ properly relied on VE's testimony when purported conflict between that testimony and *DOT* "was not obvious enough that the ALJ should have picked up on it without any assistance"). As noted above, the plaintiff's counsel failed to do so.[7]

Nor did the ALJ err in failing to recognize or inquire about the purported conflict between a limitation to occasional balancing and the *DOT* definition of light work. As this court recently recognized, there is no such conflict – let alone an apparent one. *See, e.g., Donald M. v. Saul*, 2:20-cv-00364-JDL, 2021 WL 2589179, at *4 (D. Me. June 24, 2021) (rec. dec., *aff'd* July 29, 2021) ("[A] plain reading of the SOC/DOT [the Department of Labor's Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles] reveals that the balancing limitation applies to 'narrow, slippery, or erratically moving surfaces.' Light work does not require an individual to work on such surfaces.").

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum,*

---

[7] In his statement of errors and at oral argument, the plaintiff relied primarily on two cases for the proposition that remand was required based on the ALJ's failure to elicit an adequate explanation for the VE's conclusion that a person capable of standing/walking for four hours could perform 50 percent of the light jobs at issue: *Travis H. v. Saul*, 1:19-cv-00374-NT, 2020 WL 5819535 (D. Me. Sept. 30, 2020) (rec. dec., *aff'd* Nov. 20, 2020), and *Pate v. Saul*, Civil Action No. 19-cv-11594-PBS, 2020 WL 3105075 (D. Mass. June 11, 2020). *See* Statement of Errors at 3, 7-9. However, in neither case was remand predicated on a violation of SSR 00-4p. *See Travis H.*, 2020 WL 5819535, at *3-4 (SSR 00-4p violation claimed but not found); *Pate*, 2020 WL 3105075, at *7-10 (remand predicated on failure to consider post-hearing Meuse affidavit).

*within fourteen (14) days after being served with a copy thereof.   A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.*

Dated this 12th day of January, 2022.

<u>/s/ John H. Rich III</u>
John H. Rich III
United States Magistrate Judge